UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DWIGHT BAYLOR,

    Plaintiff,

v.

ANTHONY SPINELLI, PERFORMANCE FOOD GROUP and EAGLE BUS, INC.,

    Defendants.

Docket No.

COMPLAINT AND JURY DEMND

---

Plaintiff, by his attorneys ANREDER & GEORGE, ESQS., alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, DWIGHT BAYLOR, presently, and has been at all times herein mentioned, a resident and citizen of the state of New York and at all times materials herein, is competent to bring suit in his individual capacity.

2. That at all times herein relevant, defendant, ANTHONY SPINELLI, has been at all times herein mentioned, a resident and citizen of the State of Delaware.

3. That at all times herein relevant, defendant, ANTHONY SPINELLI, committed a tortious act within the State of New Jersey.

4. That at all time herein relevant, defendant, ANTHONY SPINELLI, committed a tortious act without the State of New Jersey causing injury to persons or property within the State of New Jersey.

5. That by virtue of the allegations above, defendant, ANTHONY SPINELLI, is subject to the laws of the State of New Jersey pursuant to Rule 4:3.

6. That at all times herein relevant, defendant, PERFORMANCE FOOD GROUP was a foreign corporation based in the State of Indiana.

7. That at all times herein, relevant, defendant, PERFORMANCE FOOD GROUP is a foreign corporation based in the State of Indiana.

8. That at all times herein relevant, defendant, PERFORMANCE FOOD GROUP committed a tortious act within the State of New Jersey.

9. That at all time herein relevant, defendant PERFOMANCE FOOD GROUP committed a tortious act without the State of New Jersey causing injury to person or property within the State of New Jersey.

10. That by virtue of the allegations above, defendant, PERFORMANCE FOOD GROUP is subject to the laws of the State of New Jersey pursuant to Rule 4:3.

11. That at all times herein relevant, defendant, EAGLE BUS, INC. was a foreign corporation based in the State of Massachusetts.

12. That at all times herein relevant, defendant, EAGLE BUS, INC. is a foreign corporation based in the State of Massachusetts.

13. That at all times herein relevant, defendant, EAGLE BUS, INC. committed a tortious act within the State of New Jersey.

14. That at all times herein relevant, defendant, EAGLE BUS, INC. committed a tortious act without the State of New Jersey causing injury to persons or property within the Sate of New Jersey.

15. That by virtue of the allegations above, defendant, EAGLE BUS, INC. is subject to the laws of the State of New Jersey pursuant to Rule 4:3.

16. That the damages alleged by plaintiff exceed the sum or value of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332(a) and Fed. Rules of Civil Procedure 8(a)(1).

17. The parties have complete diversity of jurisdiction and the amount in controversy exceeding the jurisdiction limits confers this Court with jurisdiction over the subject matter of this Complaint and over the parties hereto under 28 U.S.C. Section 1332 and Fed. Rules of Civil Procedure 8(a)(1).

18. Venue is proper and appropriate in Untied States District Court District of New Jersey because the motor vehicle accident, which is subject matter of this Complaint, occurred in territorial jurisdiction of the U.S. District of New Jersey.

## **FACTUAL BACKROUND**

19. On May 26, 2017, defendant, PERFORMANCE FOOD GROUP was the owner and/or lessee of a certain 2013 Freightliner bearing Indiana license plate No.: 2569044.

20. On May 26, 2017, defendant, ANTHONY SPINELLI, was the operator of a certain 2013 Freightliner bearing Indiana license plate No.: 2569044 owned and/or leased by PERFORMANCE FOOD GROUP.

21. On May 26, 2017, defendant, ANTHONY SPINELLI, operated the vehicle described in Paragraphs 19 and 20 above with the full knowledge of the owner, defendant, PERFORMANCE FOOD GROUP.

22. On May 26, 2017, defendant, ANTHONY SPINELLI, operated the vehicle described in Paragraphs 19 and 20 above with the full permission of the owner, defendant, PERFORMANCE FOOD GROUP.

23. On May 26, 2017, defendant, ANTHONY SPINELLI, was acting with the course and scope of his employment for defendant, PERFORMANCE FOOD GROUP.

24. On May 26, 2017, defendant, ANTHONY SPINELLI, was an agent of defendant, PERFORMANCE FOOD GROUP.

25. On May 26, 2017, defendant, ANTHONY SPINELLI, was a servant of defendant, PERFORMANCE FOOD GROUP.

26. On May 26, 2017, defendant, ANTHONY SPINELLI, was an employee of defendant, PERFORMANCE FOOD GROUP.

27. On May 26, 2017, defendant, EAGLE BUS, INC. was the owner and/or lessee of a certain 2001 Van Hool bus bearing Massachusetts license plate No.: 93745.

28. On May 26, 2017, plaintiff, DWIGHT BAYLOR was a passenger in defendant, EAGLE BUS, INC.'s 2001 Van Hool bus bearing Massachusetts license plate No.: 93745.

29. On May 26, 2017, defendant, ANTHONY SPINELLI, operated the vehicle described in Paragraphs 19 and 20 herein above in a southbound direction of the New Jersey Turnpike in the State of New Jersey.

30. On May 26, 2017, defendant, EAGLE BUS, INC. operated the vehicle described in Paragraph 27 herein above in a southbound direction of the New Jersey Turnpike in the State of New Jersey.

## AS AND FOR A FIRST CAUSE OF ACTION

31. On May 26, 2017, the vehicle operated by defendant ANTHONY SPINELLI as described in Paragraphs 19 and 20 herein above, came into contact with defendant, EAGLE BUS, INC.'s bus as described in Paragraph 27 herein above.

32. As a result of the aforementioned occurrence plaintiff DWIGHT BAYLOR sustained injuries.

33. On May 26, 2017, the vehicle operated by defendant, ANTHONY SPINELLI, as described in Paragraphs 19 and 20 herein above, came into contact with defendant EAGLE BUS, INC.'s vehicle in which plaintiff was a passenger on the New Jersey Turnpike traveling in a southbound direction.

34. As a result of the aforementioned occurrence, plaintiff, DWIGHT BAYLOR sustained injuries.

35. The aforementioned occurred as a result of the negligence and/or recklessness of defendants without any negligence attributable in any measure to plaintiff, DWIGHT BAYLOR.

36. Plaintiff, DWIGHT BAYLOR, has sustained compensable injuries as defined by the New Jersey State Insurance Law.

37. By the aforesaid acts and omissions of defendants herein, plaintiff, DWIGHT BAYLOR, has been directly and legally caused to suffer pain and suffering and actual damages including, but not limited to, loss of earnings and future earning capacity, medical expenses, attorney's fees costs of suit and other pecuniary loss not presently ascertainable for which the plaintiff will seek leave of the Court to amend once ascertained.

38. By the aforesaid acts and omissions of defendants, plaintiff DWIGHT BAYLOR, has been directly and legally caused to suffer physical injuries, including, but not limited to, injuries to his neck, back and shoulders, all of which individually, or in combination, satisfy the requirements of compensable injuries as defined by the New Jersey State Insurance Law.

39. As a further direct and legal result of the acts and conducts of the defendants, as aforesaid, plaintiff, DWIGHT BAYLOR, was caused to and did suffer from severe physical, emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact extent and nature of said injuries is presently unknown to plaintiff, DWIGHT BAYLOR, who will seek leave of this court to assert the same when they are ascertained.

Plaintiff, DWIGHT BAYLOR, does not know at this time the exact duration or permanence of said injuries but plaintiff is informed and believes, and therefore alleges, that some, if not all, of his injuries are reasonably certain to be permanent.

WHEREFORE, plaintiff DWIGHT BAYLOR demands judgement jointly and severally and/or individually and/or vicariously, against the defendants ANTHONY SPINELLI, PERFORMANCE FOOD GROUP and EAGLE BUS, INC. on all counts for damages, costs, interest, counsel fees and all other relief this Court deems just and proper.

DATED: New York, New York
May 2, 2019

                              ANREDER & GEORGE, ESQS.

                              BY: MAHMOUD RAMADAN, ESQ. (MR8544)
Attorneys for Plaintiff DWIGHT BAYLOR
143 W. 29th Street, Suite 1104
New York, NY 10001
mr@mramlaw.com

## JURY DEMAND

Plaintiff does hereby demand a trial by jury on all issues so triable.

DATED: New York, New York
　　　　May 2, 2019

　　　　　　　　　　　　　　ANREDER & GEORGE, ESQS.

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　BY: MAHMOUD RAMADAN, ESQ. (MR8544)
　　　　　　　　　　　　　　Attorneys for Plaintiff DWIGHT BAYLOR
　　　　　　　　　　　　　　143 W. 29th Street, Suite 1104
　　　　　　　　　　　　　　New York, NY 10001
　　　　　　　　　　　　　　mr@mramlaw.com